**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN R. TACCETTA,

    Plaintiff,

    v.

FEDERAL BUREAU OF INVESTIGATION, et al.,

    Defendants.

Civil Action No. 10-6194 (AET)

**OPINION**

**APPEARANCES:**

Martin R. Taccetta, Pro Se
# 256379/165492-A
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

Colette R. Buchanan
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Attorney for Defendants

**THOMPSON, District Judge**

    This matter comes before the Court upon Defendants' motion for summary judgment, see Docket Entry No. 11, and Plaintiff's cross-motion for summary judgment, see Docket Entry No. 28. For the reasons set forth below, Defendants' motion will be granted, and Plaintiff's motion will be denied.

## BACKGROUND

**1.     Procedural Background**

Plaintiff submitted his complaint on November 22, 2010.  See Docket Entry No. 1. Summonses were issued, and defendants filed the instant summary judgment motion on April 8, 2011.  See Docket Entry No. 11.    On September 6, 2011, Plaintiff filed a cross-motion for summary judgment or for in camera inspection.  See Docket Entry No. 28.  Defendants filed a reply brief in opposition to the cross-motion on February 13, 2012.  See Docket Entry No. 41.

**2.     Factual Background**

Plaintiff is currently serving a state sentence in the New Jersey State Prison of life plus ten years, stemming from a 1993 conviction of first degree racketeering.  (Complt., ¶ 2).  Plaintiff states that on November 4, 2009, through his attorney, he submitted a FOIA request to the FBI, asking for "a copy of 'an unredacted 302'".[1]  (Complt., ¶ 5).  His request was acknowledged on November 12, and 18, 2009.  (Complt., ¶¶ 6, 7).

Plaintiff received a letter from the agency that the requested information could not be located.  The agency requested any further information or file numbers that Plaintiff could provide.  Plaintiff provided numerous file numbers and another letter requesting the document. (Complt., ¶¶ 8-10).  Plaintiff's letter was acknowledged, and on June 3, 2010, Plaintiff sent an additional request for "any new and additional [FOIA & Privacy Act] material," in addition to the unredacted 302.  (Complt., ¶ 12).

---

[1] According to the Declaration of David M. Hardy ("Hardy Declaration"), submitted by Defendants, "An FD-302 Interview Form is an internal FBI form on which the FBI records interviews of individuals.   Such interview information may later be used as evidence in Federal Grand Jury proceedings or at criminal trials.   Additionally, these interview forms are often incorporated into FBI Investigative Reports.   The contents of these forms may also be incorporated into an Electronic Communication ("EC") for purposes of following up on a lead."   Hardy Decl., ¶ 24.

On July 15, 2010, a one-page document was released, which contained many redactions. Plaintiff appealed, and his appeal was denied. (Complt., ¶¶ 14-15).

Plaintiff asserts that the unredacted version of 302 "clearly show[s] that the FBI was aware, well before Taccetta's trial, that he was not involved in the Craporatta murder," (Complt., ¶ 16), and that the report contains exculpatory evidence, (Complt., ¶ 17).

Plaintiff attaches as exhibits to the complaint his requests, Defendants' responses, and his appeals.

Defendants' Motion for Summary Judgment notes that Plaintiff is a member of the Lucchese La Cosa Nostra ("LCN") family. While he was convicted of racketeering, he was acquitted of the charge of murder of Vincent Craporatta. Defendants argue that Plaintiff's FOIA request was properly responded to due to various exemptions. In support of their arguments, they attach to their motion the Declaration of David M. Hardy ("Hardy Declaration), with exhibits and the Statement of Undisputed Material Facts.

## DISCUSSION

### A.     Standard of Review of Motion for Summary Judgment

Summary judgment is appropriate if the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, a district court considers the facts drawn from "the pleadings, the discovery and disclosure materials, and any affidavits" and must "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Fed. R. Civ. P. 56(c); Curley v. Klem, 298 F.3d 271, 276–77 (3d Cir. 2002) (internal quotations omitted). In resolving a motion for summary judgment, the Court must determine "whether the evidence ... is

so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, 477 U.S. 242, 251–52 (1986).

The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324. To survive a motion for summary judgment, a plaintiff cannot rely merely on the unsupported allegations of the complaint, and must present more than the "mere existence of a scintilla of evidence" in his favor. Anderson, 477 U.S. at 252.

**B.     The FOIA**

Under the Freedom of Information Act ("the FOIA"), 5 U.S.C. § 552, an agency is required to disclose records to any member of the public who requests them unless one of nine statutory exemptions applies. See 5 U.S.C. § 552(b). There is a presumption in favor of disclosure. See NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 220 (1978) (noting that the FOIA's "basic policy is in favor of disclosure") (internal citation and quotations omitted); Davin v. United States Dep't. of Justice, 60 F.3d 1043, 1049 (3d Cir. 1995), modified on other grounds, Abdelfattah v. United States Dep't of Homeland Sec., No. 06-4106, 2007 U.S. App. LEXIS 12442 (3d Cir. May 30, 2007). The agency bears the burden of proving that its withholding of documents is justified, OSHA Data/CIH, Inc. v. United States Dep't. of Labor, 220 F.3d 153, 160 (3d Cir. 2000), and may do so by "filing affidavits describing the material withheld and detailing why it fits within the claimed exemption." McDonnell v. United States, 4 F.3d 1227, 1241 (3d Cir. 1993).

A court reviews an agency's claims of exemption de novo. See id. Summary judgment for the agency is warranted "when the agency's affidavits describe the withheld information and the justification for withholding with reasonable specificity, demonstrating a logical connection

between the information and the claimed exemption ..., and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Davin, 60 F.3d at 1050.

The agency must disclose "[a]ny reasonably segregable portion of a record ... after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b). In order to justify withholding an entire document, the agency must "provide a factual recitation of why certain materials are not reasonably segregable." Davin, 60 F.3d at 1052.

FOIA does not provide for money damages as a remedy for failure to comply with a request under the Act. See Sterling v. United States, 798 F. Supp. 47, 48 (D.D.C. 1992); Thompson v. Walbran, 990 F.2d 403, 405 (8th Cir. 1993). The remedy under the FOIA is an injunction against or an order to an agency to produce records. See 5 U.S.C. § 552(a)(4)(B).

**C.**   **Defendants Properly Withheld Information**

Defendants claim that the following exemptions applied to Plaintiff's FOIA request: 5 U.S.C. §§ 552(b)(6)(personnel and medical files- invasion of personal privacy); (b)(7)(C)(law enforcement records- protect the identities of witnesses); (b)(7)(D)(confidential source); (b)(7)(F) (law enforcement records that release could endanger life or safety of individual); and the Privacy Act 5 U.S.C. § 552a(j)(2) (records compiled by agency to investigate possible violation of criminal laws).

    1.   Exemptions (b)(6) and (b)(7)(C)

Exemption (b)(6) exempts from disclosure "personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). This exemption requires a balancing test examining the individual's right to privacy against the public's interest in disclosure. See Department of the Air Force v. Rose, 425 U.S. 352, 372 (1976).

Exemption (b)(7)(C) requires a de novo balancing of the privacy interests against public interests. See Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 762 (1939); Landano v. Department of Justice, 956 F.2d 422, 425-26 (3d Cir. 1992). The Third Circuit has held that "individuals who are associated with a criminal investigation have a privacy interest under Exemption 7(C) of the FOIA such that the government may be justified in refusing to disclose their names." Landano, 956 F.2d at 427. Suspects, witnesses, interviewees, and investigators have been held to possess privacy interests under Exemption 7(C). See id. at 426. The Third Circuit has noted that suspects in an investigation have the most obvious privacy interest in not having their identities revealed. See id. In addition, disclosure of interviewees and witnesses may result in embarrassment and harassment. See id. "Criminal investigations turn up a myriad of details about the personal lives of witnesses and interviewees and for some, disclosure of the fact of cooperation." See id. Even law enforcement personnel possess a privacy interest under Exemption 7(C) in not having their identities disclosed. See id. "While the privacy interests of those involved in a criminal investigation may become diluted by the passage of time, several courts have recognized that the potential for embarrassment and harassment may endure for many years." Id. at 427.

In this case, Defendants note that the FBI asserted these exemptions to protect names and identifying information of FBI Special Agents, and FBI support personnel, who conducted the activities described in the documents. This Court agrees that there is no doubt that the documents from the FOIA release, the Form 302 papers at issue were obtained within the law enforcement duties of the FBI. Due to the nature of the work of the FBI Special Agents and personnel, this Court agrees that the substantial privacy interests of the Special Agents, personnel, (and another

6

third-party mentioned in the criminal investigation) fell under the exemptions, as disclosure would constitute and unwarranted invasion of privacy.

    2.    <u>Exemption (b)(7)(D)</u>

Under section (b)(7)(D), records or information are properly exempted from disclosure when such disclosure:

> . . . could reasonably be expected to disclose the identity of a confidential source, . . . and, in the case of a record or information complied by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source . . .

5 U.S.C. § 552(b)(7)(D). The exemption applies if the agency establishes that a source has provided information under a promise of confidentiality. <u>See</u> <u>Department of Justice v. Landano</u>, 508 U.S. 165, 172 (1993).

In this case, Defendants note that this exemption was invoked to protect the name and identifying information of a third party who was interviewed during the FBI investigation under a grant of confidentiality. <u>See</u> <u>Hardy Declaration</u>, ¶ 50. This clearly falls within the exemption.

    3.    <u>Exemption (b)(7)(F)</u>

Under exemption (b)(7)(F), an agency may redact or withhold records assembled for the purposes of law enforcement if disclosure of such records "could reasonably be expected to endanger the life or physical safety of any individual." <u>See</u> 5 U.S.C. § 552(b)(7)(F).

In this case, Defendants argue that this exemption was invoked to protect information, the release of which could endanger an individual who provided information to authorities regarding Plaintiff's activities, or the activities of Plaintiff's associates.

This Court agrees that as Plaintiff has been convicted in connection with his activities concerning a noted crime family, the protection of the individuals who aided authorities should be protected.

    4.        Privacy Act, Section (j)(2)

The Privacy Act "governs the government's collection and dissemination of information and maintenance of its records [and] generally allows individuals to gain access to government records pertaining to them and to request correction of inaccurate records." Gowan v. U.S. Air Force, 148 F.3d 1182, 1187 (10th Cir. 1998). Specifically, the Privacy Act provides that "[e]ach agency that maintains a system of records shall ... (1) upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him and upon his request, a person of his own choosing to accompany him, to review the record and have a copy made of all or any portion thereof ..." 5 U.S.C. § 552a(d).

In much the same way that FOIA limits disclosure of certain documents, the Privacy Act limits the circumstances under which government agencies may disclose certain information contained in an individual's records. In support of its refusal to release the record at issue, Defendants rely upon subsection (j)(2) of the Privacy Act, which permits "an agency to promulgate rules . . . to exempt any system of records within the agency . . . from any part of this section . . . if the system records is:

> (2) maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals, and the activities of prosecutors, courts, correctional, probation, pardon, or parole authorities, and which consists of (A) information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status; (B) information compiled for the purpose of a criminal investigation, including reports

>of informants and investigators, and associated with an identifiable individual; or (C) reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

5 U.S.C. § 552a(j)(2).

As Defendants note, Form 302 was created by the FBI as a result of a joint FBI- New Jersey criminal investigation of insurance fraud.   All records created by the FBI in its investigation of violation of criminal law are exempt from disclosure under the Privacy Act. Therefore, it is clear that the denial to disclose under the Privacy Act was properly applied.

**D.      Plaintiff's Cross-Motion**

Plaintiff has requested in his cross-motion that this Court consider conducting an in camera inspection for the release of the 302 report at issue.

"In considering whether in camera review is required, . . .  'a district court need not conduct its own in camera search for segregable non-exempt information unless the agency response is vague, its claims too sweeping, or there is reason to suspect bad faith.'" Amro v. U.S. Customs Service, 128 F. Supp.2d 776, 789 (E.D. Pa. 2001)(quoting Mead Data Central, Inc. v. United States Dep't of Air Force, 566 F.2d 242, 262 (D.C. Cir. 1977).   "The decision to conduct an in camera review is within the broad discretion of the court." Id. (citing Lam Lek Chong v. Drug Enforcement Admin., 929 F.2d 729, 735 (D.C. Cir. 1991).

In this case, Plaintiff has not demonstrated that the FBI has acted in bad faith in processing his FOIA requests.   The agency remained in contact with Plaintiff, explaining the difficulty that it had in obtaining information, and eventually supplying the documentation Plaintiff requested, albeit, in its redacted form.   Therefore, this Court denies Plaintiff's cross-motion for in camera inspection and to strike the Hardy Declaration.

9

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment is granted.

Plaintiff's Cross-Motion is denied.   An appropriate Order follows.


    /s/ Anne E. Thompson
ANNE E. THOMPSON
United States District Judge

Dated: June 29, 2012